IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL J. MORRIS, )
 )
    Plaintiff, )
 )
 ) CIV-11-720-D
v. )
 )
LAWTON CORRECTIONAL )
    FACILITY, et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections ("ODOC"), brings this *pro se* action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by various correctional officials. Plaintiff has been granted leave to proceed *in forma pauperis*, and the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having conducted a preliminary review of the Complaint and attachments to the Complaint, the undersigned recommends that the § 1983 action be construed as a 28 U.S.C. § 2241 habeas petition. Construed as a 28 U.S.C. § 2241 habeas petition, the undersigned recommends that the §2241 petition be dismissed upon filing. To the extent the § 1983 action seeks damages for alleged deliberate indifference to Plaintiff's serious medical needs, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim

1

upon which relief may be granted.

I. Background

Plaintiff asserts that he was paroled from a sentence of incarceration on April 4, 2003, and he was subsequently arrested in March 2010 based on an alleged violation of the conditions of his parole.[1] Plaintiff contends that he was transferred to Lawton Correctional Facility ("LCF"), a privately-operated prison in Oklahoma, and that a parole revocation hearing was conducted on April 28, 2010. According to Plaintiff, on June 11, 2010, former Oklahoma Governor Henry issued a "final order" in which the Governor found Plaintiff had violated the conditions of his parole and revoked Plaintiff's parole. Plaintiff asserts that in the revocation order Henry directed that Plaintiff "complete [a] substance abuse treatment [program] and twelve (12) urinalysis test[s] in twelve (12) months as a condition of

---

[1] Public records of ODOC available on the internet reflect that Plaintiff has a lengthy history of multiple felony convictions. He does not allege which conviction formed the basis for his April 2003 parole. For purposes of the instant action, ODOC's records show Plaintiff was paroled on April 4, 2003, after serving eight years of a 40-year term of imprisonment entered in the District Court of Beckham County, Oklahoma, in Case No. CF-1995-36, for his conviction for unlawful possession of controlled dangerous substance with intent to distribute after former conviction of two or more felonies. Plaintiff was not released from confinement, however, because he then served a five year term of imprisonment (beginning April 4, 2003) in the custody of ODOC for his conviction in Case No. CF-91-448 entered in the District Court of Comanche County, Oklahoma, for the offense of kidnapping, from which he was released from confinement on August 24, 2009. Plaintiff was again incarcerated following the revocation of two parole terms beginning June 11, 2010, after he was ordered to serve terms of imprisonment of (1) 1163 days for his conviction entered in the District Court of Comanche County, Case No. CF-94-403, and (2) 8557 days for his conviction entered the District Court of Beckham County, Case No. CF-95-36. http://www.doc.state.ok.us/ (offender directory accessed July 13, 2011).

2

[re]parole, in accordance with 57 O.S. § 550."[2] Complaint, at 2.

Plaintiff contends that LCF officials and ODOC administrators have not provided him the opportunity to complete a substance abuse treatment program ("SATP") within twelve months, as ordered by Henry. Plaintiff asserts that Defendants' failure to provide him the opportunity to complete a SATP within twelve months of his re-incarceration has (1) violated his liberty interest in reparole in violation of his Fifth And Fourteenth Amendment rights and (2) subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights by causing him to serve a "prolonged" term of incarceration.

Although Plaintiff contends that LCF and ODOC do not have an adequate administrative grievance procedure, Plaintiff has provided documentary evidence which supports his allegation that he has exhausted available administrative grievance procedures.

II. Availability of § 1983 Remedy

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Although Plaintiff contends that he is entitled to monetary damages because Defendants, who are state correctional officials, violated his constitutional rights, the Supreme Court has recognized that not all such claims brought by prisoners are

---

[2] This statute authorizes ODOC to carry out its statutorily-granted powers and duties by "designat[ing] such person or persons as it may deem necessary to perform those functions on its behalf." Okla. Stat. tit. 57, § 550.

cognizable under 42 U.S.C. § 1983. See Heck v. Humphrey, 512 U.S. 477, 481-482 (1994).

The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Plaintiff contends that Defendants' failure to provide him substance abuse treatment, as ordered by former Governor Henry, has violated his liberty interest in reparole and has unconstitutionally extended[3] his term of incarceration under his parole revocation sentence.[4] An award granting him damages as to these claims would necessarily imply that his sentence or sentences based on the revocation of his parole are invalid. See Denney v. Werholtz, 348 Fed.Appx. 348, 2009 WL 3089054 (10th Cir. Sept. 29, 2009)(unpublished op.)(holding district court properly dismissed prisoner's § 1983 action seeking monetary damages and equitable relief for extra time he served in prison on indeterminate sentence before it was

---

[3] In his Complaint, Plaintiff alleges he has been "arbitrarily . . . restrained" because he was "prevent[ed] from seeking, or participating in a [SATP] . . . in accordance with the orders specified by [former] Governor Brad Henry . . . ." Complaint, at 2. Plaintiff also alleges in the Complaint that Defendants' inaction has "caused him prolonged undue incarceration," "prolonged detention," and "pro-longed separation" from his family. Complaint, at 9, 11.

[4] Plaintiff asserts that former Governor Henry ordered ODOC officials to provide Plaintiff with substance abuse treatment, although the revocation order, as described by Plaintiff, appears to have placed a condition upon his reparole of successful completion of a substance abuse treatment program. For the purpose of reviewing the sufficiency of the Complaint, however, Plaintiff's allegations are deemed to be true.

4

converted to determinate sentence).

Plaintiff's claims that LCF/ODOC officials, by failing to provide him with a SATP within twelve months of his reincarceration, have violated his liberty interest in being released earlier on reparole and have "prolonged" his confinement in violation of his constitutionally-protected rights must therefore be brought in a habeas petition.[5] See Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("A prisoner may use § 1983 to challenge the *conditions* of his confinement, but habeas corpus is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.")(emphasis in original). See Reed v. McKune, 298 F.3d 946, 953 910th cir. 2002)(inmate's "request for an injunction that would effect his immediate or imminent *release on parole* . . . [is] not cognizable under § 1983 and must instead be brought under [habeas]")(emphasis added).

III. Analysis of Plaintiff's Grounds for Habeas Relief

Construing the Complaint as a 28 U.S.C. § 2241[6] habeas petition, the petition should

---

[5] In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court clarified that challenges to parole procedures that do not necessarily demonstrate the invalidity of confinement or its duration are cognizable in a §1983 action. The Court found that "the connection between the constitutionality of the prisoners' parole procedures and release from confinement was too tenuous [to necessarily demonstrate the invalidity of confinement or its duration]." Id. at 78. Plaintiff does not challenge the procedures employed in revoking his parole, and Wilkinson is inapplicable.

[6] Because Plaintiff challenges the execution of his sentence, he is seeking habeas relief pursuant to 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(noting an "action is properly brought under § 2254 as a challenge to the validity of [the prisoner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence").

be dismissed pursuant to Rule 4, Rules Governing Section 2254 Petitions in the United States District Courts ("Section 2254 Rules").[7] "The threshold requirement [for stating a due process claim] is a sufficient allegation by the plaintiff that the plaintiff possesses a liberty or property interest." Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1570 (10th Cir. 1993). See Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006)("A due process claim . . . can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered."). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). As the Supreme Court reasoned in Greenholtz, "[t]hat the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." Id. at 11 (emphasis in original). See Swarthout v. Cooke, __ U.S. __ , 131 S.Ct. 859, 862 (2011)(reiterating that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners").

Oklahoma has not created a liberty interest in parole. See Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979); Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999). See also Koch v. Daniels, 296 Fed. Appx. 621, 627, 2008 WL 4541953, * 6 (10th Cir. Oct. 7,

---

[7] The Supreme Court's Section 2254 Rules are applied in the discretion of the undersigned to this § 2241 petition. See Rule 1(b), Section 2254 Rules ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

6

2008)(unpublished op.)("the decision whether to grant parole or preparole to an inmate lies firmly within the discretion of the [Oklahoma Parole] Board, the [ODOC], and/or the governor"). In the absence of a liberty interest in parole, the Due Process Clause does not create any protected right to due process. Shirley, 603 F.2d at 807.

When Plaintiff's parole was revoked under a presumably valid parole revocation order (which is uncontested herein) and he was returned to ODOC custody to serve the sentence or sentences resulting from the revocation of his parole, Plaintiff no longer had a protected liberty interest in early release on reparole. Moreover, Oklahoma does not statutorily mandate substance abuse treatment for offenders. See Okla. Stat. tit. 22, § 1514 (providing that a "program of rehabilitation" for offenders "should involve . . . treatment for alcohol or drug abuse . . . as the individual case may indicate."). Thus, Plaintiff has no constitutionally-protected liberty interest in reparole or in obtaining substance abuse treatment while he is incarcerated serving his sentence following the revocation of his parole, and he is not entitled to habeas relief concerning this claim.

Plaintiff's remaining claim, that LCF/ODOC officials have violated his Eighth Amendment rights, is equally unavailing. Plaintiff alleges that Defendants are liable to Plaintiff in damages because Defendants have failed to provide him access to a SATP and have therefore subjected him to "prolonged incarceration."

"A gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). "[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." Ewing

v. California, 538 U.S. 11, 21 (2003). In considering the proportionality of a sentence, a state trial court's sentencing decision is accorded "wide discretion," and "challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000), cert. denied, 534 U.S. 887 (2001). Plaintiff has not alleged that his sentences exceeded the range of punishment for his convictions. Therefore, he is not entitled to habeas relief with respect to his claim seeking damages for his allegedly "prolonged incarceration" under the sentences resulting from his parole revocation.

IV. Eighth Amendment Deliberate Indifference Claim

Construing the *pro se* Complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff also alleges that it is a violation of his Eighth Amendment rights to be held in a correctional facility under conditions that do not include substance abuse treatment.

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The Eighth Amendment prohibition against cruel and unusual punishment prohibits punishments which "involve the unnecessary and wanton infliction of pain" or are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981)(internal quotation omitted). A prisoner's claim of an Eighth Amendment violation stemming from conditions of confinement contains both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991). The objective component is satisfied if the prisoner pleads and proves the existence of conditions that deprive the inmate of "the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. The subjective component is satisfied if the inmate shows the official was deliberately indifferent to the deprivations. Wilson, 501 U.S. at 303.

Documentary evidence attached to the Complaint, which is properly considered in determining the sufficiency of the Complaint under Fed. R. Civ. P. 12(b)(6), Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991)(written documents attached to complaint as exhibits are considered part of complaint), reveals that an ODOC official advised Plaintiff in December 2010 he could "submit a transfer packet . . . to a facility that will be able to satisfy the substance abuse programming requirements." Complaint, Ex. E. In response to Plaintiff's

9

grievance concerning the issue, Plaintiff was advised by LCF Warden Miller that LCF had "submitted a transfer packet to [ODOC] in order to allow [Plaintiff] to attend a substance abuse program" and that the packet was being reviewed by the appropriate ODOC officials. Complaint, Ex. J. This grievance response was affirmed on appeal to the ODOC Administrative Review Authority. Complaint, Ex. L.

At most, Plaintiff has alleged a delay in providing him with treatment for his drug/alcohol addiction. Plaintiff has not alleged facts from which to infer that Defendants' inaction in delaying his receipt of substance abuse treatment has resulted in substantial harm. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(delay in providing medical care requires showing of substantial harm in order to state Eighth Amendment claim of deliberate indifference to serious medical needs). Therefore, Plaintiff has failed to state an Eighth Amendment claim, and his § 1983 claim seeking damages based on the alleged Eighth Amendment violation, should be dismissed without prejudice pursuant to 28 U.S.C. §1915A(b).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be construed as a 28 U.S.C. § 2241 petition and, so construed, that the petition be summarily dismissed pursuant to Rule 4, Supreme Court Rules. To the extent the Complaint can be construed as a 42 U.S.C. § 1983 action seeking damages for an alleged Eighth Amendment violation, it is recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. It is further

recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. } § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by  August 8th , 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  19th  day of  July , 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE