IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL J. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-720-D |
| | ) | |
| LAWTON CORRECTIONAL FACILITY, et al, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, a state prisoner appearing *pro se*, brought this action pursuant to 42 U. S. C. § 1983, alleging the defendants have violated his constitutional rights by denying him the opportunity to satisfy certain conditions which could allow him to be reparoled, thereby prolonging his confinement. Plaintiff also contends his Eighth Amendment rights were violated by Defendants. Pursuant to 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell.

On July 19, 2011 the Magistrate Judge filed a Report and Recommendation [Doc. No. 7] in which he recommended this action be construed as a 28 U. S. C. § 2241 habeas petition. He further recommended that the action, construed in that manner, be dismissed upon filing. To the extent the action may be considered as seeking § 1983 relief based on an Eighth Amendment violation, the Magistrate Judge recommended dismissal upon filing. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

The record reflects that Plaintiff's current incarceration is the result of the revocation of his previous parole by former Governor Brad Henry. The June 11, 2010 Certificate of Revocation signed by Governor Henry states that Plaintiff violated the conditions of his 2003 parole, revokes

that parole, and directs that he be incarcerated "until such time as he completes a substance abuse treatment program as determined by the Department of Corrections to be served concurrently with the term received in CF 2009-615, with no credit for street time." Certificate of Revocation, attachment to Plaintiff's objection to Report and Recommendation [Doc. No. 11]. The Certificate of Revocation further orders Plaintiff "to complete substance abuse treatment and 12 urinalysis tests in 12 months as a condition of parole." *Id.*

According to Plaintiff, officials at the Lawton Correctional Facility ("LCF") have not provided him the opportunity to complete a substance abuse program within twelve months. He contends the failure to do so constitutes a violation of his liberty interest in reparole in violation of his Fifth and Fourteenth Amendment rights, and subjects him to cruel and unusual punishment in violation of his Eighth Amendment rights because it has prolonged his term of incarceration.

As the Magistrate Judge explained, however, Plaintiff's characterization of this action as based on § 1983 is not controlling. *See Heck v. Humphrey,* 512 U.S. 477, 481-82 (1994). The action is not properly brought under § 1983 "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). "A prisoner may use § 1983 to challenge the *conditions* of his confinement, but habeas corpus is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement." *Boutwell v. Keating*, 399 F. 3d 1203, 1209 (10th Cir. 2005) (emphasis in original).

In this case, the Magistrate Judge correctly concluded that Plaintiff's claim must be construed as a request for habeas relief. Plaintiff complains that the failure to provide him the required substance abuse treatment has prevented him from seeking reparole and has allegedly

2

unconstitutionally extended his term of incarceration. Although he seeks relief in the form of money damages, a judgment in his favor would necessarily mean that the duration of his current sentence is invalid.

The Court also agrees with the Magistrate Judge that, construing this action as seeking habeas relief pursuant to 28 U. S. C. § 2241, the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Court.[1] As the Magistrate Judge explained in the Report and Recommendation, there is no constitutional right to parole, and the possibility of parole does not create a constitutionally protected liberty or property interest. The Court adopts the analysis and conclusions at pages 6 through 8 of the Report and Recommendation as though fully set forth herein, and concludes the action, construed as a § 2241 habeas claim, must be dismissed upon filing.

The Court further agrees that dismissal upon filing is proper even if Plaintiff's claim is construed as a § 1983 action based on a violation of the Eighth Amendment. As the Magistrate Judge explained in detail, Plaintiff's allegations fail to state claim for relief based on the Eighth Amendment, which prohibits punishment involving "the unnecessary and wanton infliction of pain" or punishment "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). For the reasons set forth in the Report and Recommendation, the Court agrees that Plaintiff fails to allege any facts which could support such a contention.

Plaintiff's objection to the Report and Recommendation contains no persuasive argument or authority which warrants rejection of the findings and conclusions set forth therein. Accordingly, having reviewed the Report and Recommendation and the record in this case as well as Plaintiff's

---

[1] As Judge Purcell noted, these rules apply to both §2254 and §2241 habeas actions.

arguments, the Court concludes that the Report and Recommendation [Doc. No. 7] should be, and is, adopted.  This action, construed as seeking habeas relief pursuant to 28 U. S. C. § 2241, is dismissed upon filing.  To the extent the allegations can arguably be construed as attempting to state a § 1983 claim based on the Eighth Amendment, the Complaint is dismissed without prejudice to the filing of a new action on that basis.  Because dismissal is based on 28 U. S. C. § 1915, the dismissal counts as one prior occasion or "strike" pursuant to 28 U. S. C. § 1915(g).  *Hafed v. Fed. Bureau of Prisons*, 635 F. 3d 1172, 1176-77 (10th Cir. 2011).

  IT IS SO ORDERED this 8th day of November, 2011.

                _____
                TIMOTHY D. DeGIUSTI
                UNITED STATES DISTRICT JUDGE